Jeffrey Scott Swan v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-049-CR

JEFFREY SCOTT SWAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jeffrey Scott Swan appeals his conviction for burglary of a vehicle.  The trial court found Swan guilty and assessed his punishment at 250 days' confinement.  In five issues, he challenges the legal and factual sufficiency of the evidence regarding whether the burglarized vehicle was a sport utility vehicle, and he argues that the trial court erred by assessing punishment without a punishment hearing, by assessing punishment based upon information that was not in evidence, and by sentencing him without a presentence investigation report.  We will affirm.

II.  Factual Background

In the early morning hours on December 13, 2004, the sound of dogs barking woke Sergio Razo
.  He looked out his bedroom window and saw a man in his backyard walking towards the truck parked in the yard.  Sergio went to his back door, opened it, and yelled at the man, who ran away towards the front of the house.  Sergio ran to the front of his house, saw the man get into the passenger side of a 1990s model red Chevrolet truck, and heard the man tell the driver, “Let's go.  There's somebody in the backyard.”  Sergio described the man as a young, short Hispanic, wearing dark-colored clothing.  

Christine Razo woke up early on December 13, 2004, because her husband Sergio said that he saw someone in the backyard.  She called 911. When the police arrived, Christine and Sergio learned that Christine's 2000 Ford Expedition, which was parked in front of the couple’s home, had been burglarized.  While the police were at the Razos’s home, other officers stopped a red Chevrolet truck.  Inside the red Chevrolet truck, those officers discovered Christine's credit card, a Leatherman tool, and a pack of cigarettes.  The officers took the suspects to the Razos’s home, but Sergio was unable to identify them. 

Officer Juan Frias testified that the driver of the red Chevrolet truck was Swan and that the truck was registered to him.  Erlindo Perez, the passenger in the red Chevrolet truck that morning, pleaded guilty to burglary of Christine’s vehicle. 
 At trial, both Perez and Swan testified that Swan knew nothing of the burglary; they said that Perez had just offered to pay Swan for a ride. 

After hearing this testimony, the trial court found Swan guilty and sentenced him to 250 days' confinement in the Tarrant County Jail.  This appeal followed.

III.  Variance

The information in this case charged that 

JEFFREY SCOTT SWAN, . . . on or about the 13th day of December 2004, did THEN AND THERE INTENTIONALLY, WITHOUT THE EFFECTIVE CONSENT OF CRISTINA RAZO, THE OWNER THEREOF, BREAK INTO OR ENTER A VEHICLE, TO-WIT:  A SPORT UTILITY VEHICLE OR A PART THEREOF WITH INTENT TO COMMIT THEFT, AGAINST THE PEACE AND DIGNITY OF THE STATE. 

In his first and second issues, Swan argues that the evidence is legally and factually insufficient to prove that the burglarized vehicle was a sport utility vehicle.  Specifically, Swan points to testimony describing the 2000 Ford Expedition as a “truck” and a “car” and to the fact that no picture of the vehicle was admitted into evidence.  The State responds that Swan's first two issues present only an issue of immaterial variance
.

A “variance” occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial.  
Gollihar v. State
, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).  In such a situation, the State has proven the defendant guilty of a crime but has proven its commission in a manner that varies from the allegations in the charging instrument.  
Id.
  We treat variance claims as insufficiency of the evidence problems.  
See id.
 at 247.  Sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge.  
See id.
 at 253; 
Harvey v. State
, 135 S.W.3d 712, 716 (Tex. App.—Dallas 2003, no pet.) (applying standard to appeal from bench trial).  Only a “material” variance will render the evidence insufficient.  
See Gollihar
, 46 S.W.3d 
at 257.
  A hypothetically correct charge need not incorporate allegations that give rise to immaterial variances.  
See id.
 at 256.  A variance that is not prejudicial to a defendant’s “substantial rights” is immaterial.  
Id.
 at 248.  

In determining whether a defendant’s substantial rights have been prejudiced, we ask two questions:  (1) whether the indictment or information, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and (2) whether prosecution under the deficiently drafted indictment or information would subject the defendant to the risk of being prosecuted later for the same crime.  
See id. 
at 248-49. 

An indictment or information is sufficient if it sets forth the alleged offense in plain, intelligible language sufficient to enable the accused to prepare a defense.  
Harvey
, 135 S.W.3d at 716.  The indictment or information should be read as a whole and viewed in the light of common understanding.  
Id.
 In this case, the evidence supports a common sense reading of the information.  A common sense reading indicates that a “sport utility vehicle” would include a “2000 Ford Expedition.”  
See
 
id.
 at 717 (holding that common sense reading of indictment’s “public place, business” would include a parking lot); 
see also
 Maysonet v. State
, 91 S.W.3d 365, 368-69 (Tex. App.—Texarkana 2002, pet. ref’d) (allowing officer to describe the vehicle that he stopped as both a “sports utility vehicle” and a “2000 Ford Expedition” without confusion).

Moreover, the record does not reflect that Swan was insufficiently informed of the charge against him so that he was unable to prepare an adequate defense.  Instead, Swan’s defense at trial was that he did not know anything about the burglary or that the items Perez possessed were stolen; he was simply giving Perez a ride in exchange for gas money.  Swan's defense that he knew nothing about the burglary was not affected by the “sport utility vehicle” allegation in the information.  Swan's defense was not impacted by the type of vehicle burglarized.

Additionally, the wording of the information was sufficiently detailed to prevent Swan from being prosecuted later for the same crime.  Therefore, the variance between the information's allegation of a “sport utility vehicle” and the State's proof at trial of a “2000 Ford Expedition” that was also referred to as a “truck” and a “car” was immaterial.  
See Flenteroy v. State
, No. PD-831-03, 2005 WL 766953, at *5 (Tex. Crim. App. Apr. 6, 2005) (holding that variance between indictment’s allegation of “screwdriver” and State’s proof at trial of “a hard metal-like object” was immaterial).
  Because Swan’s challenges to the legal and factual sufficiency of the evidence rest on this immaterial variance, they must fail.  
See Dietz v. State
, 62 S.W.3d 335, 341 (Tex. App.—Austin 2001, pet. ref’d).  We overrule Swan's first and second issues.

IV.  Punishment Issues

A. Standard of Review

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
 

B. Separate Punishment Hearing

In his third issue, Swan contends that the trial court erred by assessing punishment without a punishment hearing.  
As noted above, this was a bench trial, which is not a bifurcated proceeding.  
See Barfield v. State
, 63 S.W.3d 446, 449-50 (Tex. Crim. App. 2001).  Thus, if Swan wanted a separate punishment hearing, he was required to make a timely request to the trial court.  He did not do so, therefore, this complaint is not preserved for our review.  
See
 
Tex. R. App. P.
 33.1(a); 
see also Harris v. State
, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. struck) (holding claimed error in failure to hold separate punishment hearing not preserved).  We overrule Swan's third issue.

C. Confrontation Rights

In his fourth issue, Swan argues that the trial court deprived him of his confrontation rights by assessing punishment based upon information that was not in evidence.  Specifically, Swan complains that the trial court considered a prior felony that was not in evidence in assessing his punishment:

Mr. Swan, I note that you are on felony probation out of one of the district courts here in Tarrant [C]ounty for a first-degree felony.  I'm going to take that into consideration, also, with your testimony and the testimony of your codefendant, and I'm going to sentence you to 250 days in the Tarrant County Jail after that finding of guilt. 

Swan did not object to the trial court's consideration of the first-degree felony or assert that his confrontation rights had been violated.  
Accordingly, this complaint is not preserved for our review.  
See Briggs v. State
, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding appellant waived claim that admission of videotape violated confrontation rights by not objecting); 
Swanson v. State
, Nos. 05-01-00336-CR, 05-01-00337-CR, 2002 WL 746361, at *1 (Tex. App.—Dallas Apr. 29, 2002, pet. ref’d) (not designated for publication) (involving unpreserved confrontation rights complaint).  We overrule Swan's fourth issue.

D. Presentence Investigation Report

In his fifth issue, Swan contends that the trial court erred by sentencing him without a presentence investigation report.  The court of criminal appeals has outlined three types of rights for defendants:

(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. . . .  ‘Forfeit’ and ‘procedural default’ are synonymous; both refer to the loss of a claim or right for failure to insist on it by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible to the system’s impartial representative, usually the trial judge.

Marin v. State
, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), 
overruled on other grounds by Cain v. State
, 947 S.W.2d 262 (Tex. Crim. App. 1997).  Swan’s right to a PSI report falls within the third category.  
See Wright v. State
, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref’d) (stating that the article 42.12, section 9 right to have a trial court order preparation of a PSI report before sentencing falls within the third category and is forfeitable by inaction).  Here, Swan did not object to the absence of a PSI when the trial court went straight to the punishment and sentencing phase after finding him guilty; Swan did not interrupt the proceedings to request a PSI report and did not object to the trial court's assessing punishment in the absence of a PSI report.  Therefore, this issue was not preserved for our review.  
Accord Hough v. State
, No. 03-03-00214-CR, 2004 WL 34881, at *2 (Tex. App.—Austin Jan. 8, 2004, pet. ref’d) (not designated for publication); 
Reed v. State
, No. 03-02-00720-CR, 2004 WL 34831, at *6 (Tex. App.—Austin Jan. 8, 2004, no pet.) (not designated for publication) (both holding that appellant failed to preserve complaint for review by failing to object to absence of PSI report). 
 We overrule Swan's fifth issue.

V.  Conclusion

Having overruled all five of Swan's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 12, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.