

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00116-CR

_____

JOHN SHEFFIELD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34805-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

John Sheffield appeals his conviction by the trial court of the offense of stalking. *See* TEX. PENAL CODE ANN. § 42.072 (Vernon 2003). Sheffield was sentenced by the trial court to eight years' imprisonment.

On appeal, Sheffield claims that the evidence was legally and factually insufficient to support his conviction, that he received ineffective assistance of counsel, and that the trial court abused its discretion by not allowing a defense witness to testify.

## I.    Facts

Debra Bayless testified that she and Sheffield had been romantically involved for approximately a year and that Sheffield became violent toward the end of that relationship, choking her, shoving her against a wall, and leaving bruises on her. She testified that the escalation of Sheffield's violence toward her caused her to leave him. She stated that she had to "be in hiding for the first month or two after we split up," and that every time Sheffield called her, she feared for her life.

Bayless testified she worked as a caregiver at her client's residence. On February 13 and February 21, 2006, Sheffield called Bayless' cell phone and called the residence where she worked numerous times, threatening to harm her. Bayless turned on the answering machine and recorded some of Sheffield's calls, including one in which Sheffield stated, "if [Bayless] wanted to play God, he'll play death and he would find me and be where I'm at." She later took this tape to the police.

2

It was introduced into evidence at trial. Sheffield further testified that Bayless came to the residence, "banged" on the door and, when she refused to open the door, he threatened to break the windows and come in and kill her. She testified that she called the police because she wanted Sheffield to know that she was serious about him not coming to the residence where she worked and that she wanted no further contact with him. She also testified that, during the time of February 13 through February 21, she took Sheffield's threats seriously and that she was in fear for her life.

## II. Legal Sufficiency

Sheffield claims in his first point of error that the evidence was legally insufficient to support his conviction.[1] Sheffield was convicted under Section 42.072 of the Texas Penal Code, which reads, in pertinent part, as follows:

> **§ 42.072. Stalking**
>
> (a) A person commits an offense if the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct, including following the other person, that:
>> (1) the actor knows or reasonably believes the other person will regard as threatening:
>>> (A) bodily injury or death for the other person;
>> . . . .
>> (2) causes the other person or a member of the other person's family or household to be placed in fear of bodily injury or death . . .; and

---

[1] We review the legal sufficiency of the evidence considering all the evidence in the light most favorable to the verdict, could a rational jury have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

3

(3)     would cause a reasonable person to fear:
      (A)     bodily injury or death for himself or herself.

TEX. PENAL CODE ANN. § 42.072.

Bayless testified that Sheffield, on February 13 and 21, 2006, made numerous threatening telephone calls to her, that he came by the residence where she was working and threatened to break in and kill her, and that she took his threats seriously and feared for her life. The indictment alleges that Sheffield engaged in conduct he knew Bayless would regard as threatening bodily injury or death including "ringing the doorbell of said residence and threatening to kill Debra Bayless."

Sheffield further contends the evidence is legally insufficient because the State did not prove he rang the doorbell on February 21, 2006, as alleged in the indictment. The argument is essentially that the State did not prove that which it had alleged.

We measure the sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). Such a charge includes one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240; *Gollihar*, 46 S.W.3d at 253. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument. *See Curry v. State*, 30

4

S.W.3d 394, 404 (Tex. Crim. App. 2000). This test is applicable in bench trials as well as jury trials. *Malik*, 953 S.W.2d at 240; *Harvey v. State*, 135 S.W.3d 712, 716 (Tex. App.—Dallas 2003, no pet.).[2]

The controlling statute is set out above. The precise method used by Sheffield that was regarded as threatening is not an element of the offense. The threat is an element—the precise manner in which the threat is accomplished is not. Thus, whether the State proved that Sheffield hammered on the door or rang a doorbell repeatedly is not an element of the offense, but a manner or means of committing the offense, and we will not so restrict the theories of liability that might be proven by the State. The State provided evidence of all that it was required to prove, and the variance, being nothing more than an allegation of how the offense was committed—and with no suggestion that it failed to provide notice, or placed Sheffield in risk of being prosecuted again for the same crime, is immaterial. *See Gollihar*, 46 S.W.3d at 257, n.23.

There is legally sufficient evidence on each of the required elements to support the conviction. We overrule this point of error.

---

[2]*See Stafford v. State*, 248 S.W.3d 400 (Tex. App.—Beaumont 2008, no pet. h.) (discussing due process, evidentiary sufficiency, and the relationship of a variance between allegation and proof).

### III. Factual Sufficiency

Sheffield next contends the evidence is factually insufficient to support his conviction.[3]

We recognize that, in our review of the evidence, we must defer to the trier of fact and may not substantially intrude on the fact-finder's role as the sole judge of the weight and credibility of the witnesses. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997); *Mosley v. State*, 141 S.W.3d 816 (Tex. App.—Texarkana 2004, pet. ref'd). We have previously discussed the evidence introduced at trial. Weighing all the evidence in a neutral light, both in support of and against the finding, we conclude the trier of fact was rationally justified in finding guilt beyond a reasonable doubt. The evidence is factually sufficient to support the verdict. We overrule this point of error.

### IV. Ineffective Assistance of Counsel

Sheffield next complains he received ineffective assistance of counsel, stating that counsel was deficient in not subpoenaing requested witnesses, that trial counsel did not properly explain the jury waiver to him, that counsel allowed a defense witness to violate the "rule," that counsel did not object to the introduction of evidence of Sheffield's prior bad acts, that counsel failed to file a motion to suppress Sheffield's arrest, and that counsel failed to object to the State's closing argument.

---

[3]When reviewing the evidence for factual sufficiency, we review all the evidence admitted at trial in a neutral light. The evidence supporting the verdict may be factually insufficient if the evidence supporting that verdict is so weak that the judgment of the trier of fact appears clearly wrong or manifestly unjust or if the evidence supporting the judgment of conviction is outweighed by the great weight and preponderance of the evidence. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *McDowell v. State*, 235 S.W.3d 294, 296 (Tex. App.—Texarkana 2007, no pet.). This factual sufficiency standard requires that we reach "a high level of skepticism" before we may reverse a verdict based on factual insufficiency. *Roberts*, 220 S.W.3d at 524.

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the United States Supreme Court in *Strickland v. Washington*, requiring a showing of both deficient performance and prejudice. 466 U.S. 668, 689 (1984). A *Strickland* claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. *See Goodspeed*, 187 S.W.3d at 392; *Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003); *Fuller v. State*, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007, no pet.). This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight—where counsel's reasons for failing to do something do not appear in the record. *Thompson*, 9 S.W.3d at 813. The Texas Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions" before a court finds that he or she rendered ineffective assistance. *See Goodspeed*, 187 S.W.3d at 392 n.14 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and motivated by sound trial strategy. *See Jackson v. State*, 877

S.W.2d 768, 771 (Tex. Crim. App. 1994). The defendant must rebut the presumption that the challenged conduct can be considered sound strategy. *Id.* If the record is silent as to an attorney's particular course of action, we are compelled to find that the defendant did not rebut the presumption. *Thompson*, 9 S.W.3d at 814. Here, the trial attorney did not testify at the hearing on the motion for new trial.

### A. Failure to Obtain Witnesses

Sheffield's first claim of ineffective assistance of counsel arises from the fact that he claims defense counsel did not obtain two witnesses crucial to his defense. Before trial began, defense counsel stated on the record that Sheffield had requested him to subpoena two witnesses: (1) a Mr. Roberts, who lived in a trailer park and who the Gregg County Sheriff's Department had attempted to serve, but had found the trailer empty; and (2) an Officer Easterland, whose testimony would have been about a different matter and on a different date than the incident for which trial was being held. During a pretrial discussion, counsel stated that he had instead subpoenaed another officer and felt that officer's testimony regarding this separate incident was sufficient. Counsel has stated his reasons on the record for his strategy in this regard. Sheffield has failed to overcome the presumption that such action was sound trial strategy. No ineffective assistance of counsel is shown.

8

**B.      Failure to Adequately Explain the Jury Waiver**

During the hearing on the motion for new trial, Sheffield stated that counsel had told him that he was "facing 25 to life," but he had read in the newspaper the punishment range was two to ten years. This was explained when evidence was presented that Sheffield had previously been convicted for two felonies and, if these enhancement allegations were invoked by the State, the range of punishment would be twenty-five years to life imprisonment.[4] There is no evidence that Sheffield was unaware of the proper range of punishment at the time he waived the jury trial. Sheffield was questioned by the trial court, after the court made sure he was mentally competent, as follows:

> *THE COURT:* Now, you have the right to be tried by a jury. You signed a paper saying you don't want a jury, you want me as the judge of this court to hear the case and decide of [sic] your guilt or innocence . . . .
>
> . . . .
>
> *THE COURT:* You don't want to have a jury do that?
>
> *[SHEFFIELD]:* No, sir.

The court went on to ask Sheffield if he understood what he was doing by waiving a jury trial. Sheffield answered affirmatively. Further, Sheffield does not claim that a different trial strategy would have produced a different result. No ineffective assistance of counsel is shown.

Further, we recognize that a strategic reason for waiving a jury trial was a request for community supervision punishment. Under the law, in view of Sheffield's criminal history, a jury

---

[4]*See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2007).

could not have assessed community supervision; a jury cannot assess community supervision unless the defendant files a sworn motion that he or she has never before been convicted of a felony offense and the jury finds that such information in the motion is true. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(e) (Vernon Supp. 2007). Sheffield filed a motion for community supervision with the trial court, argued for such sentence, and it was considered and rejected by the trial court. No ineffective assistance of counsel has been shown.

### C. Allowing Defense Witness to Violate the "Rule"

Sheffield invoked the "rule," requiring that witnesses be excluded from the courtroom except during their testimony. *See* TEX. R. EVID. 614. Sheffield's sister, Barbara London (also known as Barbara Sanders), unbeknownst to counsel, entered the courtroom at some time during the trial. Counsel stated that he had talked to London on the telephone, but had never met her, and therefore he did not recognize her or realize she was in the courtroom during the trial. The record also shows that Sheffield did not mention to his counsel that his sister was in the courtroom. We adopt the reasoning of the Austin Court of Appeals in *Casey v. State*, No. 03-03-00030-CR, 2007 Tex. App. LEXIS 7940 (Tex. App.—Austin Oct. 5, 2007, no pet.) (mem. op., not designated for publication), where the court found no ineffective assistance of counsel when a witness listened to a portion of the trial and was disqualified from testifying. The Austin court held that, since there was no

10

evidence that trial counsel told the witness that she could listen to the trial or that counsel knew that she had entered the courtroom, ineffective assistance of counsel was not shown. *Id.*

No ineffective assistance of counsel is shown.

**D.      Failure to Object to Evidence of Prior Bad Acts**

Sheffield next complains that trial counsel was ineffective for failing to object to "allegations of prior physical abuse." This allegation does not specify the instances of this evidence in the record. We note that Bayless testified that, before she and Sheffield ended their relationship, he tried to choke her and shoved her, causing bruises. "And that's why I feared for my life every time he called me." Sheffield has not adequately briefed this issue; no authority was cited, and the State has not responded. From this limited record and argument, this testimony appears to be admissible to show an element of the offense:  that, due to Sheffield's past behavior, Bayless was in fact in fear for her life and of serious bodily injury. The State was required to prove Bayless was placed in fear of bodily injury or death at the time of Sheffield's conduct. *See* TEX. PENAL CODE ANN. § 42.072; *Clements v. State*, 19 S.W.3d 442, 448 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Allen v. State*, 218 S.W.3d 905 (Tex. App.—Beaumont 2007, no pet.). Even if this evidence had been objected to and excluded, we do not believe this explanation of the background of the parties' relationship caused a different result.

11

### E.     Failure to File Motion to Suppress

Sheffield also contends his trial counsel was ineffective for failing to file a motion to suppress his arrest based on the fact that he was arrested without a warrant and had not committed any offense in the presence of the arresting officer.  Sheffield was arrested by Officer Mark Faulkner of the Longview Police Department.  Faulkner testified he arrested Sheffield on a "be-on-the-look-out" call for a certain vehicle regarding a terroristic threat (which charge was later changed to stalking).  The call went out at 10:00 p.m., and Faulkner testified he located the vehicle and arrested Sheffield at 10:18 p.m.

In order for a warrantless arrest to be justified, the State must show the existence of probable cause at the time the arrest was made and the existence of circumstances which made the procuring of the warrant impracticable.  *Crane v. State*, 786 S.W.2d 338, 346 (Tex. Crim. App. 1990).  The test of probable cause for a warrantless arrest is whether the facts and circumstances within the officer's knowledge and of which he or she had "reasonably trustworthy information were sufficient to warrant a prudent person in believing that the arrested person had committed or was committing an offense." *Garrison v. State*, 726 S.W.2d 134, 137 (Tex. Crim. App. 1987) (quoting *Beck v. Ohio*, 379 U.S. 89 (1964)).

In this case, Sheffield was arrested eighteen minutes after the call went out.[5]  He had, just shortly before, been threatening to harm Bayless, who had called police regarding his behavior. There was adequate reason for the officer to believe that Sheffield had committed an offense. Counsel was not ineffective for failing to file a motion to suppress the arrest.

### F.        Failure to Object to State's Closing Argument

Sheffield further complains that his counsel was ineffective for failing to object to the State's remark during closing argument that Bayless' "undisputed testimony" was a comment on the fact that Sheffield did not testify at trial.

To violate an appellant's constitutional and statutory rights, the objectionable comment, viewed from the perspective of the fact-finder, must be manifestly intended to be or of such a character that the fact-finder would necessarily and naturally take it as a comment on the accused's failure to testify. *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999); *Banks v. State*, 643 S.W.2d 129, 134–35 (Tex. Crim. App. 1982).  An indirect or implied allusion to the accused's failure to testify does not violate a defendant's right to remain silent. *Fuentes*, 991 S.W.2d at 275; *Banks*, 643 S.W.2d 135.  Calling attention to the absence of evidence which only the defendant could produce will result in reversal only if the remark can only be construed to refer to appellant's failure

---

[5]An officer may rely on information relayed to him or her by other officers and the sum of information known to those cooperating with the officer.  *State v. Jennings*, 958 S.W.2d 930, 933 (Tex. App.—Amarillo 1997, no pet.).  Even when an officer is briefed on the contents of a radio dispatch, but did not personally hear the dispatch, that is also sufficient to provide probable cause to justify an arrest.  *Busby v. State*, 990 S.W.2d 263, 269 (Tex. Crim. App. 1999).

to testify and not the defense's failure to produce evidence. *Fuentes*, 991 S.W.2d at 275; *Banks*, 643 S.W.2d at 134.

This trial was nonjury. The reason that a comment on the defendant's failure to testify may present error is that it violates his or her constitutional right to remain silent as guaranteed by the Fifth Amendment to the United States Constitution. *Griffin v. California*, 380 U.S. 609, 613 (1965); *see* U.S. CONST. amend. V. When this occurs, the usual procedure is for the defense attorney to object and request the trial court to instruct the jury to disregard the comment and move for a mistrial. Most comments may be cured by court instruction. *See Moore v. State*, 999 S.W.2d 385, 405 (Tex. Crim. App. 1999). The complaint here is that the attorney failed to object to the comment. But if he had objected, what would the objection be? There was no jury to instruct. The trial court was well aware that no inference could be drawn from the defendant's failure to testify, as it had just instructed Sheffield that he had the right "not to testify and I will not hold against you your failure to testify . . . ." It is certainly understandable that the defense counsel felt the remark by the State was innocuous, particularly since this was a bench trial and therefore an objection was not in his client's best interest. We do not find the failure to object in this context was deficient professional performance by the trial attorney.

## V.     The Trial Court Did Not Abuse Its Discretion in Excluding Testimony of Witness

Sheffield contends in his last point of error that the trial court abused its discretion by failing to allow defense witness London to testify. As stated earlier in this opinion, London had entered the

14

courtroom, unbeknownst to trial counsel, after Rule 614 of the Texas Rules of Evidence had been invoked. The trial court denied Sheffield's request to allow London to testify despite her having heard at least portions of the testimony of other witnesses during the trial.

It is the trial court's decision whether to allow a witness to testify after that witness has violated Rule 614, and that decision is reviewed under an abuse of discretion standard. *Kelley v. State*, 817 S.W.2d 168, 171–72 (Tex. App.—Austin 1991, pet. ref'd); *see Toney v. State*, 3 S.W.3d 199, 208 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

A record was made of the content of London's testimony, had she been allowed to testify. Counsel stated that London was to have testified regarding the fact that there was an ongoing conspiracy by Bayless to "get" Sheffield, that she continually harassed him, and that it was a game on her behalf to get control of the property and the mobile home in which they lived.

Officer Mike Claxton had testified for the defense and stated that he had investigated a burglary of Sheffield's habitation March 9, 2006. Sheffield had reported that his residence had been burglarized and that specific items had been stolen. During Claxton's investigation regarding this burglary, Claxton had interviewed Bayless, who admitted going into the house and taking most of the property that had been reported stolen. Based on Claxton's investigation, he testified that Bayless had a right to enter the property and take the items she had taken, those items being her personal property.

15

Based on the testimony the trial court had heard and based on the content of London's testimony had she been allowed to testify, Sheffield did not meet his burden of proof to show that London's testimony was "essential" to his defense regarding the offense of stalking, and the trial court did not abuse its discretion by not allowing London to testify. *See Toney*, 3 S.W.3d at 208; *Kelley*, 817 S.W.2d at 171–72; *see also Webb v. State*, 766 S.W.2d 236, 243–44 (Tex. Crim. App. 1989).

## VI.    Judgment

We do note, however, that the trial court's judgment in this case indicates Sheffield pled "guilty" to the offense of stalking. Our review of the record shows that Sheffield pled "not guilty" to the offense. We recognize that the trial judge stated at the hearing on motion for new trial that the judgment was incorrect and that he was entering a judgment nunc pro tunc stating that Sheffield pled not guilty. However, our record does not reflect that this occurred.

This Court has the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not dependent on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

16

Therefore, we hereby reform the judgment to indicate a plea of "not guilty" to the offense of stalking.

As reformed, we affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:    February 14, 2008
Date Decided:      May 21, 2008

Do Not Publish

17