**David Wayne HARE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–85–00212–CR.**

Court of Appeals of Texas,
El Paso.

July 9, 1986.

Rehearing Denied Aug. 13, 1986.

Stephen Spurgin, Richard Barajas, Barajas & Spurgin, Fort Stockton, for appellant.

J.W. Johnson, Jr., Dist. Atty., Sonora, Steven E. Rogers, Austin, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an appeal from a conviction founded upon a plea of guilty to aggravated assault. The court assessed punishment at three years imprisonment and granted probation. We affirm.

Appellant's first ground of error complains that there was insufficient evidence to support the plea. Tex.Code Crim.Pro. Ann. art. 1.15 (Vernon 1977). Appellant entered his plea on August 2, 1985, pursuant to a plea bargain for probation. Courtesy supervision in Florida had already been arranged and Appellant waived extradition in relation to a Florida warrant. Two other aggravated assault indictments in Crockett and Sutton Counties, Texas, were dismissed. We can only surmise that the haste to amicably resolve all of these matters and get Appellant on his way to Florida provided the framework for this ground of error.

It is conceded that all necessary admonishments were administered and that all requisite waivers were obtained prior to acceptance of the plea. The sole alleged deficiency is with regard to the supporting evidence. Under Article 1.15:

> The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, *and* further consents *either* to an oral stipulation of the evidence and testimony *or* to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. [Emphasis added.]

At the plea hearing, Appellant executed a document entitled "Representations; Waivers; and, Plea of Guilty of Defendant." In the document, Appellant did "voluntarily and freely confess and admit I am one and the same David Wayne Hare who committed on or about the 11th day of May, 1985, in Pecos County, Texas, the following crime viz.; Aggravated Assault, as charged in the indictment...." The document was signed and sworn to by Appellant, the oath having been administered by the clerk of the court. It was also signed by counsel for the Appellant and the prosecutor. It was tendered to the court and signed by the judge. The court ordered the document filed "with all such evidence with the papers of this case."

■ The State contends that this amounts to a judicial confession sufficient to support a plea. One year ago, this Court would have unhesitatingly accepted such an argument. We do so now with greater caution and only on the procedural facts of this particular case. In an unpublished opinion dated August 24, 1983, this Court affirmed a guilty plea conviction in *Juan Jimenez v. State,* cause no. 08–82–00122–CR, in the face of the same type of appellate complaint and a similar record. Our decision was reversed by a seven-to-two decision of the Court of Criminal Appeals in an unpublished opinion dated July 10, 1985. Since neither opinion was published, they cannot serve as precedential authority. We can and do, however, take this opportunity to publish certain aspects of the issues involved in that case, as well as the reasoning of the Court of Criminal Appeals as an aid in explaining our resolution of the present appeal.

■ *Jimenez* was charged in a two-count indictment with two burglary of vehicle offenses. He appeared in court, was properly admonished and executed a waiver of adversarial trial rights. He executed two documents which the Court of Criminal Appeals referred to as untitled. These were in fact the waiver forms, foregoing the rights of the accused incident to trial. They bore signatures of the defendant, defense counsel, prosecutor, clerk of the court and trial judge. The defendant waived his rights of confrontation and agreed to stipulated evidence with a summary of evidence by the prosecutor. The waiver further recited:

> I do hereby in open court admit all the allegations in the (indictment) ... in the case and I confess that I committed the offense charged in the (indictment), ....

The trial court accepted the waiver in consent forms and ordered them filed in the papers of the cause. Thereafter, the prosecutor offered a verbal summary of the State's case. As found by this Court and the Court of Criminal Appeals, the prosecutor's summary was totally inaccurate in

comparison to witness statements also offered in evidence. The witness statements themselves failed to identify the defendant. This left only the purported "judicial confession." We incorrectly concluded that the admission of guilt contained within the waiver forms sufficed as a judicial confession. We were disabused of this notion by the Court of Criminal Appeals. That court noted that *Jimenez* was never sworn as a live witness, the waiver documents were not sworn to by him, the waiver documents were never offered into evidence and were never referred to by the parties or trial judge. Consequently, there was no evidence to support the plea.

■ We do perceive a distinction between the *Jiminez* record and that presently before us. In this case, the waiver document contained in the confession was sworn to in court. While the statement of facts does not reflect that it was ever formally proffered to the court as "exhibit such and such," it was tendered to the court and referred to by both parties and the judge. The court asked if they were "ready to proceed to offer testimony in support of the plea." The prosecutor responded in the affirmative and referred to Appellant's "signed ... judicial confession." Defense counsel responded, "[w]e will stipulate, Your Honor." In *Jimenez*, it is apparent that neither side nor the court was relying upon the purported confession in the waiver document to satisfy the evidentiary requirement of Article 1.15. Instead, the State attempted a summary of evidence and introduction of witness statements. Exactly the opposite is true here. All participants were aware of the evidentiary requirement. Proof by summary, witness statements or affidavits was conscientiously avoided and reference was instead made to the sworn judicial confession tendered to the court. Comparing with *Jimenez*, we conclude that the instant case is distinguishable, that the admission of guilt in the sworn waiver document was a judicial confession, that it was properly before the trial court as evidence, and that it was sufficient to support the plea. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant contends that the court erred in denying his pretrial motion to quash the indictment. The indictment alleged that Appellant did:

> [I]ntentionally and knowingly threaten Larry Jackson with imminent bodily injury and did then and there use a deadly weapon, to-wit; a 1984 Chrysler automobile that in the manner of its use and intended use was capable of causing death and serious bodily injury, ....

Appellant contends that the indictment fails to adequately allege the manner and means by which the crime was committed, specifically with regard to the word "threaten" and the specific acts performed with the alleged vehicle.

■ We first note that this indictment charged an intentional or knowing assault by threat, not a reckless assault by bodily injury. Tex.Penal Code Ann. secs. 22.-01(a)(1) and (2) (Vernon Supp.1986). Consequently, the manner and means specificity required by Tex.Code Crim.Pro.Ann. art. 21.15 (Vernon Supp.1986) is not applicable. An indictment is sufficient if it sets forth the alleged offense in plain, intelligible language sufficient to enable the accused to prepare a defense. The indictment should be read as a whole and viewed in light of common understanding. Tex.Code Crim. Pro.Ann. art 21.11 (Vernon 1966). We find that the instrumentality alleged in this indictment, an automobile, is not susceptible to widely varied manners of use in an intentionally assaultive manner such as to preclude preparation of a defense. The only common sense meaning of the indictment is that the vehicle was intentionally or knowingly driven in an assaultive manner threatening imminent serious bodily injury or death to the complainant. We find the indictment sufficient. See: *Preston v. State*, 675 S.W.2d 598, 601 (Tex.App.—Dallas 1984, PDRR), *cert. denied*, —— U.S. ——, 106 S.Ct. 389, 88 L.Ed.2d 341 (1985); *Pass v. State*, 634 S.W.2d 857 (Tex.App.—San Antonio 1982, PDRR). Ground of Error No. Two is overruled.

The judgment is affirmed.