Opinion issued April 3, 2008 
 














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00258-CR
____________

KELVIN STEWART, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 179th District Court
Harris County, Texas
Trial Court Cause No. 1020988



 
MEMORANDUM OPINION

          A jury convicted appellant, Kelvin Stewart, of aggravated robbery. The trial
court, after having found true two enhancement allegations for aggravated robbery,
assessed punishment at confinement in prison for life. See Tex. Pen. Code Ann.
§§ 12.42(d), 29.03(a)(1), (2) (Vernon 2003 & Supp. 2007). Appellant challenges the
legal and factual sufficiency of the evidence proving identification, that he was the
one who committed the charged offense. We affirm.
Facts
          On the evening of March 5, 2005, the complainant parked his car in his
driveway, got out of his car, and walked to his mailbox. There were two black males
on the sidewalk. As the complainant locked his mailbox, he heard an “aggressive
attack statement” and then saw a gun pointed at him. 
          The complainant ran towards his garage, was shot in the back, and collapsed
upon reaching the garage. The complainant was then pulled by the two men into his
home, where they continued to hold him at gunpoint. A third male entered the
kitchen, and the three men questioned him about the location of any money in the
home. The complainant’s wife hid in the bathroom and called 9-1-1. The
complainant’s Rolex watch was taken by appellant, and the complainant could clearly
see appellant’s face upon handing appellant the watch.
          The complainant was taken to the hospital. Although the initial prognosis was
paralysis, the complainant regained the use of his lower extremities after having used
a wheelchair for a year. While in the hospital, the complainant learned about the sale
of his Rolex watch. A friend relayed information to him, and the complainant then
relayed that information to police by a three-way phone call. With this information,
police later arrested appellant. Police placed appellant’s photograph in an array, and
the complainant identified the photograph on March 22, 2005. The complainant
believed that his identification was 100 % accurate. The complainant also identified
appellant in court after having given a thorough foundation for his recollection of the
identification.
          In defense, appellant produced two alibi witnesses, Katrina Goodman and
Jameka Shyne. First, Goodman testified that appellant was dropped off at her
residence around 6:00 p.m. on the night of the crime and that he stayed there until she
dropped him off at Shyne’s house at 10:00 p.m. Shyne testified that she remembered
appellant’s being dropped off at her house between 9:00 p.m. and midnight on the
night in question and that appellant left before dawn. Taken together, the alibi
testimony of Goodman and Shyne spans the time frame of the robbery. 
Sufficiency of the Evidence Proving Identity
          In two points of error, appellant asserts that the evidence introduced at trial was
both legally and factually insufficient to prove, beyond a reasonable doubt, that 
appellant was the one who had committed the charged offense. 
          When an appellant challenges both the legal and factual sufficiency of the
evidence, we must first determine whether the evidence is legally sufficient to support
the verdict. Harmond v. State, 960 S.W.2d 404, 406 (Tex. App.— Houston [1st Dist.]
1998, no pet.). 
A.      Legal Sufficiency
          In reviewing the legal sufficiency of the evidence to support a criminal
conviction, we look to whether a rational fact finder could have found the essential
elements of the crime beyond a reasonable doubt after viewing the evidence in the
light most favorable to the verdict. Drichas v. State, 175 S.W.3d 795, 798 (Tex.
Crim. App. 2005). The jury, as the trier of fact, is the sole judge of the facts, the
credibility of the witnesses, and the weight to be given to each witness’s testimony;
the jury can accept one version of the facts, reject another, or reject any part of a
witness’s testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App.
1981). The jury may also make reasonable inferences from the facts given and weigh
the evidence and testimony as it sees fit. Lacour v. State, 8 S.W.3d 670, 671 (Tex.
Crim. App. 2000). The appellate court may not re-weigh the evidence or substitute
its judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000). 
          In support of his legal-sufficiency challenge, appellant relies on his testimony
denying being at the location of the robbery and on the testimony of the two alibi
witnesses that, taken together, accounted for appellant’s whereabouts during the time
of the robbery. This evidence is not in the light most favorable to the jury’s verdict,
however. Rather, viewing the evidence in the required light, the complainant (1)
identified appellant as the person who held a gun on him and took his watch and other
valuables; (2) testified that in the three- to five-minute course of the robbery, he was
able to see appellant’s face clearly; and (3) testified that, as the complainant handed
his Rolex watch to appellant, he and appellant were only inches apart. We hold that,
from this evidence, the jury could have found beyond a reasonable doubt that it was
appellant who committed the charged offense.
          Accordingly, we overrule point of error one.
B.      Factual Sufficiency
          In a factual-sufficiency review, the court views all the evidence in a neutral
light and asks (1) whether the evidence, although legally sufficient, is nevertheless
“so weak” that the trier-of-fact’s verdict is “clearly wrong and manifestly unjust” or
(2) whether there is conflicting evidence so great that it outweighs the evidence
supporting a conviction and makes a finding of guilt by the jury manifestly unjust, so
that the verdict cannot stand. Watson v. State, 204 S.W.3d 404, 414–17 (Tex. Crim.
App. 2006). Appellant raises both types of factual-sufficiency challenges, arguing
that the complainant “unequivocally does not identify the Appellant,” that “there was
not anything else” to support the complainant’s identification of appellant, and that
appellant’s witnesses established his alibi.
          This Court must exercise appropriate deference to the jury’s conclusion, in
order to avoid substituting its judgment for that of the jury. Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996). Again, the jury is the exclusive judge of
the witnesses’ testimony and credibility and may believe all, some, or none of the
testimony. Harvey v. State, 135 S.W.3d 712, 717 (Tex. App.—Dallas 2003, no pet.). 
Any reconciliation of any conflicts in the evidence is within the exclusive province
of the jury. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).
          Appellant makes the same argument as he did under his legal-sufficiency
challenge. Although we must weigh appellant’s evidence, including that of his two
alibi witnesses, in conducting our factual-sufficiency analysis, we must still defer to
the jury’s decision to convict appellant on the basis of the complainant’s testimony
in spite of the conflicting testimony given by the two alibi witnesses. That is, the
verdict is not manifestly unjust simply because the jury resolved conflicting testimony
in favor of appellant’s guilt. The jury heard the complainant’s testimony, as well as
that of appellant’s alibi witnesses; it evaluated the credibility of each witness; and it
found appellant guilty. Accordingly, considering the evidence in a neutral light, we
hold that the evidence supporting the guilty verdict was not so weak as to render the
verdict clearly wrong or manifestly unjust, nor was appellant’s evidence so great that
it rendered the verdict manifestly unjust. See Cain, 958 S.W.2d at 407.
          We overrule appellant’s point of error two.
 
 
Conclusion
          We affirm the judgment of the trial court.


                                                                        
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, Alcala. 

Do not publish. See Tex. R. App. P. 47.2(b).