Opinion issued June 26, 2008
 












In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00510-CR
____________

RICKI ALAN EVERSON A/K/A RICHARD ALAN EVERSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1059459



 
MEMORANDUM OPINION

          A jury convicted appellant, Ricki Alan Everson a/k/a Richard Alan Everson,
of sexual assault by contact and, after appellant pleaded true to two enhancement
paragraphs alleging felony convictions of delivery of a controlled substance and of
possession of a firearm by a felon, assessed punishment at 25 years in prison. See
Tex. Penal Code Ann. § 22.011(a)(1)(C) (Vernon Supp. 2007). We determine
whether the evidence was legally and factually sufficient to show that appellant
intentionally or knowingly caused the sexual organ of the complainant, S.M., to
contact the sexual organ of appellant without her consent and that appellant knew that
the complainant was unaware that the sexual assault was occurring. See id. §
22.011(a)(1)(C), (b)(5) (Vernon Supp. 2007). We affirm.
Facts
          In the fall of 2003, the complainant met and began dating appellant just after
she had completed a drug-rehabilitation program. During her relationship with
appellant, the complainant became addicted to drugs again and was convicted of theft. 
Prior to October 17, 2003, appellant and the complainant had engaged in consensual
sexual intercourse. 
          On October 17, 2003, appellant had sexual intercourse with the complainant
in her bedroom at her father’s house while she was unconscious; appellant recorded
the event with a videotape camera. The videotape shows appellant’s having sex with
the complainant, who appears to be unconscious because she does not move at all
unless appellant moves her. The complainant testified that she was “completely
unaware” of what was going on and that she was probably on drugs at the time that
the sexual intercourse was carried out by appellant. During her direct examination,
the complainant affirmatively stated on two separate occasions that she did not
consent to the sexual intercourse portrayed on the videotape.
          The complainant did not know about the videotape during the several years that
she dated appellant. She discovered the tape when Troy Narvase, appellant’s friend,
brought it to her attention in 2005, a month after the complainant had returned from
a two-month trip to California. This was not long after she and appellant had broken
up. Narvase testified that, when the complainant viewed the tape, she appeared “very
hysterical” and unhappy and stated that she “felt sick” watching the videotape, which
showed her “passed out” while appellant had sex with her. After discovering the
tape, the complainant waited four months before turning it over to the police because
she was “embarrassed.”
Sufficiency of the Evidence
          In what he designates as his two “grounds” of error, appellant contends that the
evidence was legally and factually insufficient to establish the essential element that
the complainant had not consented.
A.      Standards of Review
          1.       Legal Sufficiency 
          In reviewing the legal sufficiency of the evidence to support a criminal
conviction, we view the evidence in the light most favorable to the verdict and
examine whether a rational fact-finder could have found the essential elements of the
crime beyond a reasonable doubt. Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim.
App. 2005). The jury, as the trier of fact, is the sole judge of the facts, the credibility
of the witnesses, and the weight to be given to each witness’s testimony. Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). Thus, the jury can accept one
version of the facts while rejecting another or reject any part of a witness’s testimony. 
Id. The jury may also make reasonable inferences from the facts given and weigh the
testimony and evidence as it sees fit. Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim.
App. 2000). We may not re-weigh the evidence or substitute our judgment for that
of the fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).
          2.       Factual Sufficiency
          In a factual-sufficiency review, we view all the evidence in a neutral light and
ask (1) whether the evidence, although legally sufficient, is nevertheless “so weak”
that the trier-of-fact’s verdict is “clearly wrong and manifestly unjust” or (2) whether
there is conflicting evidence “against the great weight and preponderance of the
evidence” such that it outweighs the evidence supporting the conviction and makes
a finding of guilt by the jury manifestly unjust, so that the verdict cannot stand. 
Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006). When conducting
an analysis of a factual-sufficiency challenge, we cannot conclude that a conviction
is “clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Id. at 417. In an
analysis of the evidence in response to a prong-two factual-sufficiency challenge
alleging that the evidence that supports the jury’s verdict is against the “great weight
and preponderance of the evidence,” we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury’s resolution of that
conflict; instead, we must have some objective basis in the record on which to
conclude that the great weight and preponderance of the evidence contradicts the
jury’s verdict. Id. 
          In conducting a factual-sufficiency review, the Court must also discuss the
evidence that, according to the appellant, most undermines the jury’s verdict. See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Finally, we must exercise
appropriate deference to the jury’s conclusion, in order to avoid substituting our
judgment for that of the jury, keeping in mind that the jury is the exclusive judge of
the witnesses’ testimony and credibility and may believe all, some, or none of the
testimony. Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996); Harvey v.
State, 135 S.W.3d 712, 717 (Tex. App.—Dallas 2003, no pet.). The reconciliation
of any conflicts in the evidence must remain within the exclusive province of the jury. 
Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).
B.      The Law of Sexual Assault
          Texas Penal Code section 22.011(a)(1)(C) provides that a person is guilty of
sexual assault if the person “intentionally or knowingly causes the sexual organ of
another person, without that person’s consent, to contact or penetrate the mouth, anus,
or sexual organ of another person, including the actor.” Tex. Penal Code Ann.
§ 22.011(a)(1)(C) (Vernon Supp. 2007). Consent is defined as “assent in fact,
whether express or apparent,” meaning that consent can be either express in words
or implied in actions. Id. § 1.07(a)(11) (Vernon Supp. 2007). As defined by the
charge here, the sexual assault is without the consent of the other person “if the other
person has not consented and the actor knows that the other person is unaware that
the sexual assault is occurring.” Id. § 22.011(b)(5) (Vernon Supp. 2007). Evidence
that the victim of a sexual assault was unconscious due to voluntary intoxication is
sufficient to prove lack of consent. See Elliott v. State, 858 S.W.2d 478, 485 (Tex.
Crim. App. 1993).
 
C.      Legal Sufficiency of the Evidence Showing Lack of Consent
          In what he designates as his first ground of error, appellant challenges the legal
sufficiency of the evidence to prove lack of consent. In support of his legal-sufficiency challenge, appellant first argues that the testimony on which he relies
makes it “impossible for any rational trier of fact to conclude that the sexual contact
was without consent.” However, appellant then relies almost entirely upon (1)
evidence that is not viewed in the light that is most favorable to the jury’s implicit
determination that the complainant did not consent and (2) evidence that questions
the credibility of the complainant’s testimony. Neither the evidence attacking the
complainant’s credibility, which would require us to re-weigh the complainant’s
testimony and to substitute our judgment for that of the fact-finder, nor the evidence
that is not in the light most favorable to the verdict is appropriate for consideration
in reviewing a legal-sufficiency challenge. See King, 29 S.W. 3d at 562.Appellant’s second argument under his first ground attacks the standard
applicable to legal-sufficiency challenges. Appellant relies on Butler v. State to argue
that, in his words, “historically, the United States Supreme Court has held that
criminal convictions could not be sustained under a sufficiency of the evidence
analysis if there was no evidence.” 769 S.W.2d 234, 239 (Tex. Crim. App. 1989)
(concluding that “no evidence” standard for legal-sufficiency review was “expressly
forbidden” by United States Supreme Court by Jackson v. Virginia), overruled on
other grounds, Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). Appellant
argues that “beyond a reasonable doubt is a bulwark of our criminal jurisprudence,”
and, as the “minimum prerequisite for sustaining a conviction,” the standard serves
the purpose of protecting the due process rights of the accused. Appellant elaborates
that, although the standard of “any” evidence that could support a rational jury
finding in favor of the verdict may suffice for civil cases or for affirmative defenses,
both of which require proof only by a preponderance of the evidence, the State is
legally required to prove every element of the offense charged beyond a reasonable
doubt. This “no evidence” rule for legal sufficiency, appellant argues, is itself
insufficient due to its limited protection of appellant’s due process rights.


 
          We understand appellant’s contention to be that a small amount of evidence
cannot be sufficient to support a rational juror’s conviction beyond a “reasonable
doubt” for the purpose of judging legal sufficiency. However, the standard that we
have set out above for evaluating legal-sufficiency challenges in criminal cases
remains good law and was established by the United States Supreme Court in Jackson
v. Virginia, by which we are bound. See 443 U.S. 307, 316–17, 99 S. Ct. 2781,
2787–88 (1979). Under this standard, the testimony of a single witness—no matter
how credible—that proves the material elements of the criminal act with which an
appellant is charged is enough to defeat a legal-sufficiency challenge. 
          In Glover v. State, the court rejected the appellant’s objection to the lack of
direct evidence that he had penetrated the female sexual organ of the victim,
concluding instead that one witness’s providing circumstantial evidence of each
element of the crime charged was enough to meet the State’s burden with respect to
legal sufficiency. See 102 S.W.3d 754, 759 (Tex. App.—Texarkana 2002, pet.
ref’d).


 In this case, the complainant’s direct evidence that she did not consent is
sufficient by itself to prove lack of consent. Nevertheless, the complainant’s
testimony is corroborated both by the videotape of the offense and by Narvase’s
testimony of the complainant’s “very hysterical” reaction to viewing the tape.
          Accordingly, we overrule appellant’s first ground of error. 
 
D.      Factual Sufficiency of the Evidence Showing Lack of Consent
          In what he designates as his second ground of error, appellant challenges the
factual sufficiency of the evidence. Appellant’s challenges consist of various attacks
on the credibility of the complainant’s testimony. He relies on the complainant’s
testimony concerning her drug problem, her theft conviction, and her “always
[having] loved [appellant],” as well as on testimony from mutual friends of appellant
and the complainant that undermines the complainant’s credibility. The evidence
from the complainant’s testimony upon which appellant most relies includes (1) the
complainant’s inability to remember consenting prior to becoming unconscious, (2)
the complainant’s admission that it is possible that a conversation concerning consent
took place prior to the start of the recording, (3) the complainant’s statement that she
would have consented to the intercourse had she been awake, and (4) the
complainant’s having had a conversation with appellant five or more months after the
October 17 sexual intercourse about whether she would consent to having sex with
appellant while unconscious.
          Furthermore, appellant emphasizes that the “complainant herself does not know
if she consented” and, therefore, that her testimony, although perhaps legally
sufficient, is so inherently weak as to make the verdict “clearly wrong and manifestly
unjust” and, therefore, factually insufficient. Finally, appellant contends that the
complainant’s testimony is inherently weak because the complainant’s four-month
delay in turning the videotape over to the police after having discovered it suggests
circumstantially an implied consent to the taped sexual intercourse. This set of
arguments in the form of a prong-one factual-sufficiency challenge nevertheless relies
on other evidence to weaken the complainant’s testimony, rather than on her
testimony’s inherent weakness. Thus, we deem this set of arguments to be part of
appellant’s prong-two factual-sufficiency challenge.
          Appellant also relies on the testimony of four mutual friends of appellant and
the complainant. First, appellant relies on the testimony of Christine Compton and
Kelly Stowe that (1) the complainant spoke about a videotape that appellant had taken
of appellant and her having sex as though it were comical and that (2) the
complainant told Compton that she would consent to appellant’s having sex with her
when she passed out from taking drugs. However, Stowe testified that neither
appellant nor the complainant specified the date of the videotape that they talked
about and that the complainant appeared “very high” when she made these statements
to Compton and Stowe.
          Second, appellant relies on Kimberly Kennedy’s testimony that she witnessed
the complainant “talking, gloating, and being pretty happy about the video” in public
“very out in the open” twice and privately at the apartment that the complainant
shared with appellant, as though it were “common knowledge.” However, Kennedy
never saw the videotape. Finally, appellant relies on Kathy Kennedy, who testified
that she had watched the videotape with the complainant, who seemed “unfazed, as
if she knew about it the whole time, thought it was funny.” However, Kennedy also
testified that the complainant was “messed up on pills” at the time, which a jury could
have believed explained her failure to react if they also believed that Kennedy’s
viewing of the videotape occurred.
          In support of his prong-two factual-sufficiency attack, to support and to
corroborate the contradictory testimony given by appellant’s witnesses, appellant
relies upon the complainant’s testimony that she “would have consented” had she
been awake at the time of the sexual intercourse as circumstantial evidence of the
complainant’s consent to the sexual act. However, the fact that the complainant
“would have consented” had she been awake at the time that appellant had sexual
intercourse with her on October 17, 2003 is not dispositive of whether the
complainant “in fact” consented, impliedly or expressly, when appellant had sex with
her while she was unconscious.
          Evidence of the complainant’s inability to remember whether she consented is
not dispositive of her consent, nor does it make the complainant’s testimony of her
nonconsent so weak that the verdict is “clearly wrong and manifestly unjust.” In
Bellaire v. State, the court concluded that evidence in support of the verdict was
factually sufficient when the complainant was sexually assaulted while unconscious
as a result of voluntary intoxication and thus could not remember consenting to the
sexual act. 110 S.W.3d 664, 670 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).          Evidence of the complainant’s testimony’s being contradictory is also not
dispositive of the issue. A decision is not manifestly unjust merely because the
fact-finder resolved conflicting views of the evidence of the complainant’s
nonconsent in the State’s favor. Roise v. State, 7 S.W.3d 225, 233 (Tex.
App.—Austin 1999, pet. ref’d). The jury was presented with the inconsistencies in
the complainant’s testimony as to whether she consented, and it resolved the conflict
against appellant.
          We observe that the State’s evidence showed that appellant had videotaped
himself having sex with the complainant while she was completely unaware of the
sexual act or its recording because she was passed out from using drugs. The
contents of the videotape show that the complainant was unconscious because, in the
videotape, the complainant does not move unless appellant moves her. The
complainant’s unconsciousness corroborated the complainant’s testimony that she did
not consent because her unconsciousness rendered impossible an expression of
implied or express consent. See Elliott, 858 S.W.2d at 485. Additionally, the
complainant testified that, prior to October 17, 2003, she had never told appellant that
it was alright for him to have sex with her while she was unconscious. Finally, the
complainant testified that she would not have put herself through having to come to
court and having the jury sit and watch the tape if she had consented to this activity
with appellant.
          In Casey v. State, the court held that the evidence was factually sufficient to
show that the appellant had sexual intercourse with the complainant without her
consent when the complainant passed out due to voluntary intoxication from
consuming alcohol and “drifted in and out of consciousness” while appellant had sex
with her and took pictures of her naked body. 160 S.W.3d 218, 222–224 (Tex.
App.—Austin 2005), rev’d on other grounds, 215 S.W.3d 870 (Tex. Crim. App.
2007). The complainant in Casey regained full consciousness only at 4:30 a.m.,
finding herself naked on the floor of the appellant’s bedroom, at which point the
appellant told her that she had thrown up on herself and that he had washed her
clothes. Id. at 222. Similar to the complainant in Casey, the complainant here
became voluntarily intoxicated by taking pills and passed out, remained unconscious
throughout the sexual intercourse, and was recorded on videotape appearing
unconscious and unaware during the intercourse. 
          In Guajardo v. State, the court overruled a factual-sufficiency challenge to a
conviction of sexual assault in which the appellant attacked the credibility of the
complainant’s testimony, holding that evidence that the complainant was “acutely
intoxicated,” “unconscious for a period of time,” and “did not resist the alleged
attack” rendered nonconsent a matter for determination by the jury. 176 S.W.3d 402,
404–05 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Likewise, in the present
case, the complainant’s inability to remember consenting due to her unconsciousness
brought on by voluntary drug use does not preclude a rational jury from finding that
the complainant did not consent. 
          Furthermore, the intimate relationship between appellant and the complainant
at the time of the sexual intercourse does not, by itself, preclude an implied finding
of nonconsent, particularly in light of the 1991 change of the law that allows even a
wife to be sexually assaulted by her husband. See Act of May 27, 1991, 72nd Leg.,
R.S., ch. 900, § 1, 1991 Tex. Gen. Laws 2412, 2412 (current version at Tex. Penal
Code Ann. § 22.011(a)(1)(C)).
          Having considered the evidence in favor of and contrary to the verdict in a
neutral light, we hold that the evidence upon which appellant relies does not so
outweigh the evidence that supports the jury’s implicit finding on nonconsent as to
render the verdict clearly wrong or manifestly unjust.
          Accordingly, we overrule appellant’s second ground of error.
 
Conclusion
          We affirm the judgment of the trial court.
 
 
Tim Taft
Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
 
Do not publish. See Tex. R. App. P. 47.2(b).