COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-049-CR

 

 

JEFFREY SCOTT SWAN                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction

 








Appellant Jeffrey Scott Swan appeals his conviction for
burglary of a vehicle.  The trial court
found Swan guilty and assessed his punishment at 250 days' confinement.  In five issues, he challenges the legal and
factual sufficiency of the evidence regarding whether the burglarized vehicle
was a sport utility vehicle, and he argues that the trial court erred by
assessing punishment without a punishment hearing, by assessing punishment
based upon information that was not in evidence, and by sentencing him without
a presentence investigation report.  We
will affirm.

II.  Factual Background

In the early morning hours on December 13, 2004, the sound
of dogs barking woke Sergio Razo.  He
looked out his bedroom window and saw a man in his backyard walking towards the
truck parked in the yard.  Sergio went to
his back door, opened it, and yelled at the man, who ran away towards the front
of the house.  Sergio ran to the front of
his house, saw the man get into the passenger side of a 1990s model red
Chevrolet truck, and heard the man tell the driver, ALet's go.  There's somebody in the backyard.@  Sergio described the man as a young, short
Hispanic, wearing dark-colored clothing. 









Christine Razo woke up early on December 13, 2004, because
her husband Sergio said that he saw someone in the backyard.  She called 911. When the police arrived,
Christine and Sergio learned that Christine's 2000 Ford Expedition, which was
parked in front of the couple=s home, had been
burglarized.  While the police were at
the Razos=s home, other officers stopped a red
Chevrolet truck.  Inside the red
Chevrolet truck, those officers discovered Christine's credit card, a
Leatherman tool, and a pack of cigarettes. 
The officers took the suspects to the Razos=s home, but Sergio
was unable to identify them. 

Officer Juan Frias testified that the driver of the red
Chevrolet truck was Swan and that the truck was registered to him.  Erlindo Perez, the passenger in the red
Chevrolet truck that morning, pleaded guilty to burglary of Christine=s vehicle.  At trial, both Perez and Swan testified that
Swan knew nothing of the burglary; they said that Perez had just offered to pay
Swan for a ride. 

After hearing this testimony, the trial court found Swan
guilty and sentenced him to 250 days' confinement in the Tarrant County
Jail.  This appeal followed.

III.  Variance

The information in
this case charged that 

JEFFREY SCOTT SWAN, . . . on or
about the 13th day of December 2004, did THEN AND THERE INTENTIONALLY, WITHOUT
THE EFFECTIVE CONSENT OF CRISTINA RAZO, THE OWNER THEREOF, BREAK INTO OR ENTER
A VEHICLE, TO-WIT:  A SPORT UTILITY
VEHICLE OR A PART THEREOF WITH INTENT TO COMMIT THEFT, AGAINST THE PEACE AND
DIGNITY OF THE STATE. 

 








In his first and second issues, Swan argues that the
evidence is legally and factually insufficient to prove that the burglarized
vehicle was a sport utility vehicle. 
Specifically, Swan points to testimony describing the 2000 Ford
Expedition as a Atruck@ and a Acar@ and to the fact
that no picture of the vehicle was admitted into evidence.  The State responds that Swan's first two
issues present only an issue of immaterial variance.

A Avariance@ occurs when there
is a discrepancy between the allegations in the charging instrument and the
proof at trial.  Gollihar v. State,
46 S.W.3d 243, 246 (Tex. Crim. App. 2001). 
In such a situation, the State has proven the defendant guilty of a
crime but has proven its commission in a manner that varies from the
allegations in the charging instrument.  Id.  We treat variance claims as insufficiency of
the evidence problems.  See id. at
247.  Sufficiency of the evidence is
measured by the elements of the offense as defined by the hypothetically
correct jury charge.  See id. at
253; Harvey v. State, 135 S.W.3d 712, 716 (Tex. App.CDallas 2003, no
pet.) (applying standard to appeal from bench trial).  Only a Amaterial@ variance will
render the evidence insufficient.  See
Gollihar, 46 S.W.3d at 257.  A
hypothetically correct charge need not incorporate allegations that give rise
to immaterial variances.  See id.
at 256.  A variance that is not
prejudicial to a defendant=s Asubstantial rights@ is
immaterial.  Id. at 248.  








In determining whether a defendant=s substantial
rights have been prejudiced, we ask two questions:  (1) whether the indictment or information, as
written, informed the defendant of the charge against him sufficiently to allow
him to prepare an adequate defense at trial, and (2) whether prosecution under
the deficiently drafted indictment or information would subject the defendant
to the risk of being prosecuted later for the same crime.  See id. at 248-49. 

An indictment or information is sufficient if it sets forth
the alleged offense in plain, intelligible language sufficient to enable the
accused to prepare a defense.  Harvey,
135 S.W.3d at 716.  The indictment or
information should be read as a whole and viewed in the light of common
understanding.  Id.          In this case, the evidence supports a
common sense reading of the information. 
A common sense reading indicates that a Asport utility
vehicle@ would include a A2000 Ford Expedition.@  See id. at 717 (holding that
common sense reading of indictment=s Apublic place,
business@ would include a
parking lot); see also Maysonet v. State, 91 S.W.3d 365, 368-69 (Tex.
App.CTexarkana 2002,
pet. ref=d) (allowing
officer to describe the vehicle that he stopped as both a Asports utility
vehicle@ and a A2000 Ford
Expedition@ without confusion).








Moreover, the record does not reflect that Swan was
insufficiently informed of the charge against him so that he was unable to
prepare an adequate defense.  Instead,
Swan=s defense at trial
was that he did not know anything about the burglary or that the items Perez
possessed were stolen; he was simply giving Perez a ride in exchange for gas
money.  Swan's defense that he knew
nothing about the burglary was not affected by the Asport utility
vehicle@ allegation in the
information.  Swan's defense was not
impacted by the type of vehicle burglarized.

Additionally, the wording of the information was
sufficiently detailed to prevent Swan from being prosecuted later for the same
crime.  Therefore, the variance between
the information's allegation of a Asport utility
vehicle@ and the State's
proof at trial of a A2000 Ford Expedition@ that was also
referred to as a Atruck@ and a Acar@ was
immaterial.  See Flenteroy v. State,
No. PD-831-03, 2005 WL 766953, at *5 (Tex. Crim. App. Apr. 6, 2005) (holding
that variance between indictment=s allegation of Ascrewdriver@ and State=s proof at trial
of Aa hard metal-like
object@ was immaterial).  Because Swan=s challenges to
the legal and factual sufficiency of the evidence rest on this immaterial
variance, they must fail.  See Dietz
v. State, 62 S.W.3d 335, 341 (Tex. App.CAustin 2001, pet.
ref=d).  We overrule Swan's first and second issues.

IV.  Punishment Issues

A.      Standard of Review








To preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  

B.      Separate Punishment Hearing

In his third
issue, Swan contends that the trial court erred by assessing punishment without
a punishment hearing.  As noted above,
this was a bench trial, which is not a bifurcated proceeding.  See Barfield v. State, 63 S.W.3d 446,
449-50 (Tex. Crim. App. 2001).  Thus, if
Swan wanted a separate punishment hearing, he was required to make a timely
request to the trial court.  He did not
do so, therefore, this complaint is not preserved for our review.  See Tex.
R. App. P. 33.1(a); see also Harris v. State, 160 S.W.3d 621, 626
(Tex. App.CWaco 2005, pet. struck) (holding claimed
error in failure to hold separate punishment hearing not preserved).  We overrule Swan's third issue.

C.      Confrontation Rights

In his fourth issue, Swan argues that the trial court
deprived him of his confrontation rights by assessing punishment based upon
information that was not in evidence. 
Specifically, Swan complains that the trial court considered a prior
felony that was not in evidence in assessing his punishment:








Mr.
Swan, I note that you are on felony probation out of one of the district courts
here in Tarrant [C]ounty for a first-degree felony.  I'm going to take that into consideration,
also, with your testimony and the testimony of your codefendant, and I'm going
to sentence you to 250 days in the Tarrant County Jail after that finding of
guilt. 

 

Swan
did not object to the trial court's consideration of the first-degree felony or
assert that his confrontation rights had been violated.  Accordingly, this complaint is not preserved
for our review.  See Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding appellant waived claim that
admission of videotape violated confrontation rights by not objecting); Swanson
v. State, Nos. 05-01-00336-CR, 05-01-00337-CR, 2002 WL 746361, at *1 (Tex.
App.CDallas Apr. 29,
2002, pet. ref=d) (not designated for publication)
(involving unpreserved confrontation rights complaint).  We overrule Swan's fourth issue.

D.      Presentence Investigation Report

In his fifth
issue, Swan contends that the trial court erred by sentencing him without a
presentence investigation report.  The
court of criminal appeals has outlined three types of rights for defendants:








(1) absolute requirements and prohibitions;
(2) rights of litigants which must be implemented by the system unless
expressly waived; and (3) rights of litigants which are to be implemented upon
request. . . .  >Forfeit= and >procedural default= are synonymous; both refer to the
loss of a claim or right for failure to insist on it by objection, request,
motion, or some other behavior calculated to exercise the right in a manner
comprehensible to the system=s impartial representative, usually the trial judge.

 

Marin v. State, 851 S.W.2d 275,
279 (Tex. Crim. App. 1993), overruled on other grounds by Cain v. State,
947 S.W.2d 262 (Tex. Crim. App. 1997). 
Swan=s right to a PSI report falls within the
third category.  See Wright v. State,
873 S.W.2d 77, 83 (Tex. App.CDallas 1994, pet.
ref=d) (stating that
the article 42.12, section 9 right to have a trial court order preparation of a
PSI report before sentencing falls within the third category and is forfeitable
by inaction).  Here, Swan did not object
to the absence of a PSI when the trial court went straight to the punishment
and sentencing phase after finding him guilty; Swan did not interrupt the
proceedings to request a PSI report and did not object to the trial court's
assessing punishment in the absence of a PSI report.  Therefore, this issue was not preserved for
our review.  Accord Hough v. State,
No. 03-03-00214-CR, 2004 WL 34881, at *2 (Tex. App.CAustin Jan. 8,
2004, pet. ref=d) (not designated for publication); Reed
v. State, No. 03-02-00720-CR, 2004 WL 34831, at *6 (Tex. App.CAustin Jan. 8,
2004, no pet.) (not designated for publication) (both holding that appellant
failed to preserve complaint for review by failing to object to absence of PSI
report).  We overrule Swan's fifth issue.

V.  Conclusion

Having overruled
all five of Swan's issues, we affirm the trial court's judgment.








PER CURIAM

 

PANEL
F:    WALKER, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 12, 2006











[1]See Tex. R. App. P. 47.4.